**RECIEVED**

UNITED STATES DISTRICT COURT
FOR THE ALABAMA MIDDLE DISTRICT

JAN 1 6 2013

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

DANA FIELDS, Individually )
And As Natural Parent of )
D.F., a minor )
)
          Plaintiff, )
)
Vs. )
)
ELI LILLY & COMPANY )
Lilly Corporate Center )
307 East McCarty Street )
Indianapolis, IN 46225 )
)
          Defendant. )
                  )

Civil Action No. 2:13-CV-35 WKW-WC

## COMPLAINT AT LAW

Plaintiff, Dana Fields, individually, and on behalf of her son, D.F., hereby sues the Defendant, Eli Lilly & Company and alleges as follows:

### STATEMENT OF THE CASE

1.     This is an action brought by Dana Fields (herein referred to as "Plaintiff") for personal injuries sustained by her son D.F., (herein referred to as "Minor Plaintiff"), who was born with Tetralogy of Fallot caused by the ingestion of Eli Lilly's drug Prozac by his mother, Dana Fields, during her pregnancy. The injuries Minor Plaintiff suffered following his mother's ingestion of Prozac, as well as the injuries suffered by Plaintiff individually, are the direct and proximate result of the wrongful conduct of the Defendant Eli Lilly & Company in connection with the designing, developing, manufacturing, distributing, labeling, advertising, marketing, promoting, and selling of the widely-used anti-depressant drug, Prozac.

1

Errorl No property name supplied.



2.      Prozac is a drug that was designed, manufactured, and marketed by Eli Lilly & Company who has known for years that there has been an association between Prozac and an increased risk of cardiovascular birth defects when the drug is ingested during pregnancy.

3.      Eli Lilly & Company failed to conduct appropriate tests to generate the necessary scientific data regarding the strength of this association, failed to warn of these dangers despite significant evidence of risk, and failed to implement available screening procedures which could identify those patients who were not appropriate candidates for the drug.

**PARTIES**

4.      The Minor Plaintiff in this action, D.F., is a child who was born on January 29, 1997. At all relevant times the Minor Plaintiff was domiciled in Tallassee, Alabama and was a citizen of Tallassee County, Alabama.

5.      Plaintiff Dana Fields is the Minor Plaintiff's natural and legal mother, is domiciled in Tallassee, Alabama, and is a citizen of Tallassee County, Alabama.

6.      Eli Lilly & Company (hereinafter referred to as "Eli Lilly") is an Indiana corporation with its principal place of business at Lilly Corporate Center, Indianapolis, Indiana, 46285. Eli Lilly is engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, supplying, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, its products, including the prescription drug, Prozac.

7.      At all times relevant, Eli Lilly conducted regular and sustained business in Alabama by selling and distributing its products in Alabama and engaged in substantial commerce and business activity in Alabama.

8.      Eli Lilly can be served with process by and through its registered agent for service, National Registered Agents, Inc. 150 S. Perry Street, Montgomery, AL 36104.

## VENUE AND JURISDICTION

9.      At all times relevant, Eli Lilly was in the business of researching, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, supplying, packaging and/or advertising the pharmaceutical drug known as Prozac in the State of Alabama.

10.     Defendant regularly conducts business in the State of Alabama, in Tallassee County and its principal place of business is located in Marion County, Indiana.

11.     Plaintiff is a resident of the State of Alabama.

12.     This is an action for damages which exceed $75,000, exclusive of interest and costs.

13.     The basis for this Court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

14.     Prozac is a selective serotonin reuptake inhibitor ("SSRI") marketed, primarily, as an antidepressant medication.  SSRIs work by increasing the amounts of serotonin, a natural substance in the brain that helps maintain mental balance.

15.     Prozac is indicated for the treatment of major depression (including pediatric depression), obsessive-compulsive disorder (in both pediatric and adult populations), panic disorder and Premenstrual Dysphoric Disorder ("PMDD").

3

16.     Eli Lilly designed, manufactures and markets the drug Prozac.  Its chemical name is fluoxetine.

17.     Prozac (NDA 18-936) was approved by the FDA in December 1987.  A month later, Eli Lilly began marketing Prozac and annual sales in the U.S. reached $350 million within a year.

18.     Fluoxetine went off-patent and became available in generic form in August 2001.

19.     Despite the availability of newer agents, fluoxetine remains extremely popular.  In 2010, over 24.4 million prescriptions for fluoxetine were filled in the United States alone.  In 2011, six million prescriptions for fluoxetine were dispensed in the UK.

20.     In approximately May 1996, Dana was prescribed and took Prozac for depression.

21.     In or about June 1996, Plaintiff discovered she was pregnant.  Dana took Prozac until approximately September 1996.  D.F. was born on January 29, 1997 at Baptist South Medical Center in Montgomery, Alabama.

22.     After the birth, D.F. was immediately transferred to University Alabama Hospital for evaluation by a specialist.  Dana was informed that their baby had Tetralogy of Fallot – a congenital heart defect involving four anatomical abnormalities including a ventricular septal defect.  D.F. also has an absent pulmonary valve.

23.     At approximately one and a half months of age, D.F. underwent a cardiac catheterization with echocardiogram.

24.     A few days later, D.F. underwent open heart surgery to repair the Tetralogy of Fallot defect.

4

25.     D.F. now has regular visits to the cardiologist and other health care specialists as a result of this defect.

**A.   DEFENDANT KNEW OR SHOULD HAVE KNOWN THAT INGESTING PROZAC DURING PREGNANCY INCREASES THE RISK OF SERIOUS BIRTH DEFECTS**

26.     Prozac can cause serious birth defects when ingested during pregnancy.  These defects include, but are not limited to heart defects, craniosynostosis, lung defects, ventricular septal defects, atrial septal defects, hypoplastic left or right heart syndrome, aortic and ventricular outflow tract obstruction defects, omphalocele, gastroschisis, persistent pulmonary hypertension of the newborn ("PPHN"), Tetralogy of Fallot, pulmonary atresia, limb deformations, spina bifida, cleft palate, and patent ductus arteriosus.

27.     Upon information and belief, Eli Lilly knew or should have known about the adverse side effects of Prozac as early as 1987, but failed to adequately warn the consumer public, physicians, and the Food and Drug Administration (FDA) of these life threatening birth defects.

28.     Upon information and belief, Eli Lilly was on notice of numerous studies which demonstrated significant harm to fetuses when an SSRI was administered during pregnancy, including increased mortality and cardiac malformations.

29.     Eli Lilly did not test Prozac for safety or efficacy in pregnant women.  In its promotional activities, however, Eli Lilly did not discourage the use of Prozac in pregnant women.  In fact, through a variety of methods, Eli Lilly actually encouraged doctors to prescribe Prozac to women of child bearing age, women who were trying to conceive and even to pregnant women.

Error! No property name supplied.

30.     In September 2005, the manufacturers of the SSRI drug Paxil, a drug in the same class as Prozac, added language to the drug's label warning doctors and patients of cardiac malformations and other structural birth defects when Paxil was ingested during pregnancy. Eli Lilly was on actual or constructive notice of the potential teratogenic effects of Prozac at this time.

31.     Further, many observational studies have been conducted showing a statistically significant increase in birth defects associated with the use of Prozac.

32.     Additional studies were published in 2007 and later that examined birth defects that occurred when mothers ingested SSRIs during pregnancy.  These included a statistically significant, almost six-fold increase risk of a baby being born with omphalocele (a condition where the newborn's intestine or abdominal organs are protruding from the abdomen) and an 80 percent increase in risk of a baby being born with craniosynostosis (a condition where the skull bones and plates fuse earlier than normal resulting in increased pressure inside the skull) when a mother ingested SSRIs during her pregnancy.

33.     In November 2008, the *British Journal of Clinical Pharmacology* published a prospective, controlled study that evaluated the rate of major congenital anomalies after first trimester gestational exposure to Prozac.   This study showed a statistically significant quadrupling of the risk of cardiovascular defects present in babies when a pregnant mother ingested Prozac (OR 4.81 (1.56-14.71)).

34.     In July 2011, the *Journal of Obstetrics & Gynecology* published a retrospective cohort study that evaluated the risk of major congenital anomalies after exposure to selective serotonin reuptake inhibitors during pregnancy.  This study showed a statistically significant

6

doubling of the risk of isolated ventricular septal defects present in babies when a pregnant mother ingested Prozac (OR 2.03 (1.28-3.21)).

35.    In 2010, the *Journal of Clinical Epidemiology* published a study that evaluated the risk of major congenital anomalies after exposure to selective serotonin reuptake inhibitors during pregnancy.  This study showed a statistically significant increase of the risk of any malformation (OR 1.3 (1.1-1.6)) and cardiac malformations specifically (OR 1.7 (1.1-2.5)) present in babies when a pregnant mother ingested any selective serotonin reuptake inhibitor.

36.    It wasn't until 2011 that the Defendant added language to the label regarding cardiovascular birth defects.  Even this label modification minimized the true risk and only referenced cardiac defects – omitting the many other defects caused by this drug.

**B.    DEFENDANT CONCEALED THE RISKS OF PROZAC FROM THE PUBLIC, MEDICAL COMMUNITY AND THE FOOD & DRUG ADMINISTRATION IN VIOLATION OF FEDERAL REGULATIONS**

37.    To date, Defendant has failed to adequately warn or inform consumers, such as Plaintiff and Plaintiff's prescribing physician, of the known effects in Prozac that can lead to Tetralogy of Fallot and other birth defects.  Defendant fraudulently concealed these effects and made misrepresentations to the damage and detriment of D.F. and Dana Fields.

38.    Many of the studies conducted by Defendant failed to demonstrate efficacy for Prozac in treating adults, children and adolescents and also revealed significant and serious side effects.  Defendant sought to limit health care providers' access to this negative data and promote only the most favorable aspects of the data from these studies. Defendant took actions to suppress and conceal negative information concerning the drug and to consciously misrepresent the data it did reveal concerning the drug's efficacy and safety.  These actions by Defendant

7

include, but are not limited to "Ghostwriting" letters and articles for the signature of key opinion leaders to be placed in respected medical journals, suppressing information about Prozac's adverse effects, promoting positive study outcomes while avoiding negative ones, and communicating marketing messages designed to get health care providers to prescribe Prozac to patients such as Plaintiff.

39.     As alleged herein, as a direct and proximate result of Defendant's negligence and wrongful conduct, including violations of federal regulations, and the unreasonably dangerous and defective characteristics of the subject product, the Plaintiff and Minor Plaintiff suffered severe and permanent physical and emotional injuries including, but not limited to, Minor Plaintiff's Tetralogy of Fallot.

**C.      DEFENDANT CONTINUES TO MISREPRESENT THE SAFETY AND EFFICACY OF PROZAC**

40.     Despite Defendant's longstanding knowledge of the danger of birth defects, the only defect that Prozac's label warns about is the possible occurrence of PPHN if taken after the 20th week of pregnancy.   Defendant failed, and continues to fail, to warn and disclose to consumers that Prozac significantly increases the risk of Tetralogy of Fallot, cardiac malformations and other birth defects.   Furthermore, the proper and effective use of Prozac by Dana Fields was impaired due to Defendant's failure to warn of Prozac's defects and Defendant's failure to properly and adequately set forth such warnings in Prozac's drug labeling.

41.     Defendant knew of the dangerous birth defects associated with Prozac use during pregnancy from the preclinical studies, adverse event reports and the subsequent published studies confirming these risks, as well as information provided by other drugs in the same class.

8

Defendant took no action to adequately warn or remedy the risks, but instead concealed, suppressed and failed to disclose the dangers. Even in the face of the numerous published studies, Defendant continues to fail to adequately warn of these dangers through revised product labeling.

**D.    TOLLING OF APPLICABLE STATUTES OF LIMITATIONS**

42.    The running of any statute of limitations has been tolled by reason of Defendant's fraudulent concealment. Through its affirmative misrepresentations and omissions, Defendant actively concealed from Dana Fields and her prescribing physician the true risks associated with taking Prozac.

43.    As a result of Defendant's actions, Dana Fields and, upon information and belief, her prescribing physician were unaware, and could not reasonably know or have learned through reasonable diligence that she had been exposed to the risks alleged herein and that those risks were the direct and proximate result of Defendant's acts and omissions.

44.    Dana Fields had no knowledge that the Defendant was engaged in the wrongdoing alleged herein. Because Defendant fraudulently concealed its wrongdoing, Plaintiff could not have reasonably discovered the wrongdoing at any time prior. Also, the economics of this fraud should be considered. The Defendant had the ability to, and did, spend enormous amounts of money in furtherance of its purpose of marketing and promoting a profitable drug, notwithstanding the known or reasonably known risks. Dana Fields and her medical professionals could not have afforded and could not have possibly conducted studies to determine the nature, extent and identity of related health risks, and were forced to rely on Defendant's representations.

9

## COUNT I
## ALABAMA EXTENDED MANUFACTURER LIABILITY DOCTRINE
### (AEMLD) - DESIGN DEFECT

45.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

46.    At all times material to this action, Defendant was responsible for designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, supplying and/or selling Prozac.

47.    Defendant sold and/or distributed Prozac in a condition that posed unreasonable risks from its reasonably anticipated use.  Prozac was expected to and did reach Dana Fields without substantial change in condition from the time that it left the control of the Defendant.

48.    Prozac is defective and unreasonably dangerous in its design or formulation in that it is not reasonably fit, suitable, or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation when used during pregnancy.

49.    At the time Defendant designed, manufactured, distributed, sold, and placed the drug into the stream of commerce, Prozac was not safe and was not suited for the purposes for which Defendant, directly and indirectly, advertised, marketed, and promoted the drug.

50.    Prozac was defective and unreasonably dangerous when it left control of Defendant in one or more of the following manners:

       a.  The risk associated with use of Prozac during pregnancy far outweighed the utility derived from using the medication;

       b.  Defendant failed to provide adequate warnings regarding the hazards associated with the use of Prozac during pregnancy;

10

   c. Prozac was defectively designed and unreasonably dangerous in design and composition in that other medications could achieve similar results without the risks presented by Prozac use during pregnancy; and

   d. Prozac failed to comply with express warranties that the product was safe and effective for human consumption during pregnancy.

51.    In addition, at the time the subject product left the control of Defendant, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of the Plaintiff and Minor Plaintiff's injuries without impairing the reasonably anticipated or intended function of the product. These safer alternative designs were economically and technologically feasible, and would have prevented or significantly reduced the risk of the Plaintiff and Minor Plaintiff's injuries without substantially impairing the product's utility.

52.    As a direct and proximate result of the subject product's defective design, D.F. and Dana Fields suffered severe and permanent physical and emotional injuries including, but not limited to, Tetralogy of Fallot.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II
## ALABAMA EXTENDED MANUFACTURER LIABILITY DOCTRINE (AEMLD) - MANUFACTURING DEFECT

53.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

11

54.     At all times material to this action, Prozac was expected to reach and did reach, consumers in the State of Alabama and throughout the State of Alabama, including Dana Fields, without substantial change in the condition in which it was sold.

55.     Defendant sold and/or distributed Prozac in a condition that posed unreasonable risks from reasonably anticipated use. Prozac was expected to and did reach Dana Fields without substantial change in condition from the time that it left the control of the Defendant.

56.     The defective conditions alleged herein rendered Prozac unreasonably dangerous to the Plaintiff and Minor Plaintiff and proximately caused the injuries and damages for which this lawsuit seeks recovery.

57.     At all times material to this action, Prozac was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by Defendant in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce in ways which include, but not limited to, on or more of the following particulars:

      a.   When placed in the stream of commerce, Prozac contained manufacturing defects which rendered the product unreasonably dangerous;

      b.   The subject product's manufacturing defects occurred while the product was in the possession and control of Defendant;

      c.   The subject product was not made in accordance with Defendant' specifications or performance standards; and

      d.   The subject product's manufacturing defects existed before it left the control of Defendant.

12

58.     As a direct and proximate result of Prozac's manufacturing defects, D.F. and Dana Fields suffered severe and permanent physical and emotional injuries including, but not limited to, Tetralogy of Fallot.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**COUNT III**
**ALABAMA EXTENDED MANUFACTURER LIABILITY DOCTRINE**
**(AEMLD) - WARNING**

59.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

60.     Defendant knew, or in light of reasonably available knowledge, should have known of the danger of Prozac to pregnant women that caused the damage for which recovery is sought.  The ordinary user or consumer of Prozac would not have realized such dangers.

61.     Defendant neglected to provide Dana Fields with warnings that could have been expected to catch the attention of a reasonably prudent person under similar circumstances taking into account the characteristics and common knowledge of an ordinary consumer who purchases the product.  Further, Defendant failed to provide warnings which could accurately advise an ordinary consumer of the scope, severity, and likelihood of serious injury resulting from use of its product.  Had such warnings been provided, the injuries and damages sustained by the Plaintiff and Minor Plaintiff would have been avoided.

62.     Defendant neglected to provide Dana Fields's prescribing physician with adequate warnings to accurately advise such physician of the increased severity and likelihood of

Error! No property name supplied.

serious birth defects resulting from the prescribing and ingestion of Prozac by pregnant patients such as Dana Fields. Had such warnings been provided, the injuries and damages sustained by the Plaintiff and Minor Plaintiff would have been avoided.

63.     At all times hereinafter mentioned, upon information and belief, Defendant assumed liability to pregnant women using Prozac, including Plaintiff, who sustained injuries, harm and damages by reason of the use of Prozac for purposes directly and indirectly advertised, marketed, and promoted by Defendant, including for the treatment of depression and other conditions.

64.     As a direct and proximate result of the subject product's defective and inappropriate warnings, D.F. and Dana Fields suffered severe and permanent physical and emotional injuries including, but not limited to, Tetralogy of Fallot.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IV
## NEGLIGENCE

65.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

66.     At all times herein, Defendant were under a duty to exercise reasonable care in the design, manufacture, testing, processing, marketing, advertising, labeling, packaging, supplying, distribution, and sale of Prozac.  Defendant knew or should have known that Prozac

14

was not safe for use during pregnancy and that the pregnant user and unborn child could sustain injuries and harm from the drug.

67.     Defendant negligently, recklessly, grossly negligently, wantonly, and willfully displayed a morally culpable and conscious disregard of the rights of others in that they failed to exercise reasonable care.  Defendant failed to fulfill the above-stated duty by directly and indirectly advertising, marketing, and promoting Prozac for the treatment of depression and other conditions during pregnancy, even though Prozac is not reasonably safe for such use. Furthermore, Defendant failed to adequately warn of the increased risk of serious birth defects which Defendant knew or should have known about.

68.     The injuries sustained by the Plaintiff and Minor Plaintiff were caused by or were contributed to by the negligence, recklessness, gross negligence, wantonness, willfulness, and conscious and callous disregard of the safety of the public, including the Plaintiff and Minor Plaintiff, on the part of Defendant in the design, manufacture, distribution, advertising, marketing and promoting of Prozac as being safe and effective in the treatment of depression and other conditions, and by inducing the public, including Dana Fields and her prescribing physician, to believe that Prozac was effective for the treatment of depression and other conditions during pregnancy.

69.     Defendant failed to exercise reasonable care in the design, manufacture, testing, processing, marketing, advertising, labeling, packaging, rebranding, supplying, distribution and/or sale of Prozac in one or more of the following respects:

> a. Designing, marketing, processing, advertising, packaging, supplying, distributing and/or selling a product that Defendant knew, or should have known, carried the risk of serious, life-threatening side effects;

15

b. Failure to adequately test the product prior to placing the drug Prozac on the market;

c. Failure to use care in designing, developing and manufacturing its product so as to avoid posing unnecessary health risks to users of such product;

d. Failure to conduct adequate pre-clinical testing and post-marketing surveillance to determine the safety of Prozac during pregnancy;

e. Failure to advise consumers, such as Dana Fields, that consumption of Prozac during pregnancy could result in severe and disabling side effects and birth defects;

f. Failure to advise the medical and scientific communities, including Plaintiff's prescribing physician, of the potential for severe and disabling side effects and birth defects;

g. Failure to provide timely and/or adequate warnings about the potential health risks associated with the use of Prozac during pregnancy;

h. Failure to provide adequate post-marketing warnings or instructions after Defendant knew, or should have known, of the significant risks of severe and disabling side effects and birth defects;

i. Placing an unsafe product in the stream of commerce; and

j. Any and all other acts of negligence with respect to Prozac which may be shown at trial.

70. Defendant's conduct is unreasonable and negligent and was a proximate cause of D.F.'s injures and his mother, Dana Fields' mental anguish and financial damages.

71. At all times hereinafter mentioned, Dana Fields and D.F. did not contribute to their injuries by reason of any negligence or culpable conduct on their part.

72. As a result of the aforesaid occurrences, Dana Fields suffered extensive monetary and pecuniary losses and other compensatory damages were also incurred and paid out including necessary medical, hospital, and concomitant expenses.

16

73.    As a direct and proximate result of Defendant' carelessness and negligence, D.F.and Dana Fields suffered severe and permanent physical and emotional injuries including, but not limited to, Tetralogy of Fallot.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

### COUNT V
### NEGLIGENCE – FAILURE TO WARN

74.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

75.    Defendant knew, or in the light of reasonably available knowledge, should have known, of the danger of Prozac to pregnant women that caused the damage for which recovery is sought.   The ordinary user or consumer of Prozac would not have realized such dangers. Defendant had no reason to believe that the foreseeable user would know of the dangerous condition of Prozac.

76.    Defendant neglected to provide Dana Fields with warnings that could have been expected to catch the attention of a reasonably prudent person under similar circumstances taking into account the characteristics of, and the knowledge common to an ordinary consumer who purchases the product.   Further, Defendant failed to provide warnings which could accurately advise an ordinary consumer of the scope, severity and likelihood of serious injury resulting from use of its product.   Had such warnings been provided, the injuries and damages sustained by the Plaintiff and Minor Plaintiff would have been avoided.

17

77.    Defendant neglected to provide Dana Fields's prescribing physician with adequate warnings to accurately advise such physician of the increased severity and likelihood of serious birth defects resulting from the prescribing and ingestion of Prozac by pregnant patients such as Dana Fields. Had such warnings been provided, the injuries and damages sustained by the Plaintiff and Minor Plaintiff would have been avoided.

78.    At all times hereinafter mentioned, upon information and belief, Defendant assumed liability to pregnant women using Prozac, including Plaintiff, who sustained injuries, harm and damages by reason of the use of Prozac for purposes directly and indirectly advertised, marketed, and promoted by Defendant, including for the treatment of depression and other conditions.

79.    As a direct and proximate result of Defendant negligently failing to warn, D.F. and Dana Fields suffered severe and permanent physical and emotional injuries including, but not limited to, Tetralogy of Fallot.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VI
## BREACH OF WARRANTY - EXPRESS WARRANTY

80.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

Error! No property name supplied.

81.    At all times herein, Defendant, by direct and indirect advertising, marketing and promoting Prozac for the treatment of depression and other conditions during pregnancy, placed this drug in the stream of commerce. Knowing that Prozac would be prescribed for the treatment of depression and other conditions during pregnancy, Defendant expressly warranted to all foreseeable users of this drug, including Dana Fields, that Prozac was safe and effective for the treatment of depression and other conditions during pregnancy.

82.    Dana Fields relied upon the aforesaid express warranty by Defendant.

83.    Dana Fields's use of Prozac prior to conception and through the duration of her pregnancy was consistent with the purposes for which Defendant directly and indirectly advertised, marketed and promoted Prozac.  Dana Fields's use of Prozac was reasonably contemplated, intended and foreseen by Defendant at the time of the distribution and sale of Prozac by Defendant.  Therefore, Dana Fields's use of Prozac was within the scope of the above-described express warranty.

84.    Defendant breached the express warranty because Prozac was not safe and effective for the treatment of depression and other conditions during pregnancy.

85.    As a direct and proximate result of Defendant' breach of express warranty, D.F. and Dana Fields suffered severe and permanent physical and emotional injuries including, but not limited to, Tetralogy of Fallot.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VII

19

## BREACH OF WARRANTY – IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

86.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

87.    At the time that Defendant manufactured, marketed, distributed, supplied and sold Prozac, it knew of the use for which the subject product was intended and impliedly warranted it to be safe and fit for such use.

88.    Defendant had reason to know the particular purpose that Dana Fields was buying Prozac from Defendant.

89.    Dana Fields, individually and through her prescribing physician, reasonably relied upon the skill, superior knowledge and judgment of Defendant.  Defendant knew that Dana Fields, individually and through her prescribing physician, was relying on Defendant's skill or judgment to select or provide a suitable treatment for depression.

90.    Dana Fields was prescribed, purchased and used Prozac for its intended purpose.

91.    Due to the Defendant's wrongful conduct as alleged herein, Dana Fields could not have known about the nature of the risks and side effects associated with the subject product until after she used it.

92.    Contrary to the implied warranty for the subject product, Prozac was not safe or fit for its intended uses and purposes, as alleged herein.

93.    As a direct and proximate result of Defendant's breach of implied warranty, D.F. and Dana Fields suffered severe and permanent physical and emotional injuries including, but not limited to, Tetralogy of Fallot.

20

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VIII
## BREACH OF WARRANTY – IMPLIED WARRANTY OF MERCHANTABILITY

94.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

95.     Defendant was regularly in the business of selling Prozac and pharmaceutical products.  Defendant manufactured, marketed, distributed, supplied and sold Prozac to Dana Fields.

96.     At the time that Defendant manufactured, marketed, distributed, supplied and sold Prozac, it knew of the use for which the subject product was intended and impliedly warranted it to be merchantable quality and safe and fit for such use.

97.     Dana Fields, individually and through her prescribing physician, reasonably relied upon the skill, superior knowledge and judgment of Defendant.

98.     Dana Fields was prescribed, purchased and used Prozac for its intended purpose.

99.     Due to the Defendant's wrongful conduct as alleged herein, Dana Fields could not have known about the nature of the risks and side effects associated with the subject product until after she used it.

100.    Contrary to the implied warranty for the subject product, Prozac was not of merchantable quality, and was not safe or fit for its intended uses and purposes, as alleged herein.

21

101.    As a direct and proximate result of Defendant's breach of implied warranty, D.F. and Dana Fields suffered severe and permanent physical and emotional injuries including, but not limited to, Tetralogy of Fallot.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IX
## PUNITIVE DAMAGES

102.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

103.    At all times material hereto, Defendant knew or should have known that Prozac was inherently dangerous when used during pregnancy and that it caused serious birth defects in the unborn child.

104.    At all times material hereto, Defendant attempted to misrepresent and did misrepresent facts concerning the safety of Prozac.

105.    Defendant's misrepresentations include knowingly withholding material information from the medical community, the public, including Dana Fields, and the FDA concerning the safety of the subject product.

106.    Defendant knew of Prozac's defective and unreasonably dangerous nature, as set forth herein, but continued to design, develop, manufacture, market, distribute, and sell it so as to maximize sales and profits at the expense of the health and safety of the public, including the

22

Plaintiff and Minor Plaintiff herein, in conscious and/or negligent disregard of the foreseeable harm caused by Prozac.

107.    Defendant intentionally concealed and/or recklessly failed to disclose to the medical community, the public, including the Plaintiff herein, and the FDA the potentially life threatening side effects and birth defects associated with the use of Prozac in order to ensure continued and increased sales.

108.    Defendant's intentional and/or reckless failure to disclose information deprived Dana Fields of necessary information to enable her to weigh the true risks of using Prozac during pregnancy against its benefits.

109.    As a direct and proximate result of Defendant's conscious and deliberate disregard for the rights and safety of consumers such as the Plaintiff and Minor Plaintiff, D.F. suffered severe and permanent physical injuries, including but not limited to, Tetralogy of Fallot and two open heart surgeries. Minor Plaintiff endured substantial conscious pain and suffering, both physical and emotional in nature. Further, Plaintiff incurred significant expenses for medical care and treatment of their son, suffered lost wages and earning, and was otherwise emotionally and economically injured.  Plaintiff and Minor Plaintiff have suffered severe pecuniary loss and seek actual and punitive damages from Defendant as alleged herein.

110.    The officers, directors and managers of Defendant participated in or condoned the conduct described above.

111.    The aforesaid conduct of Defendant was willful and wanton and, further, was committed with knowing, conscious, and deliberate disregard for the rights and safety of consumers, including the Plaintiff and Minor Plaintiff, thereby entitling the Plaintiff to punitive

23

damages in an amount appropriate to punish Defendant and deter them from similar conduct in the future.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**COUNT X**
**FRAUD**

112.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

113.    Defendant widely advertised and promoted Prozac as a safe and effective medication for use in women of childbearing age.

114.    Defendant had a duty to disclose material information about serious side effects to consumers such as Dana Fields. Additionally, by virtue of Defendant's partial disclosures about the medication in which Defendant touted Prozac as safe and effective treatment, Defendant had a duty to disclose all facts about the risks of use associated with the medication, including the potential for the medication to cause severe birth defects when used during pregnancy. Defendant intentionally failed to disclose this information for the purpose of inducing consumers, such as Dana Fields, to purchase and ingest Defendant's dangerous product.

115.    Had Dana Fields been aware of the hazards associated with the use of Prozac during pregnancy, she would not have purchased and/or consumed the products that lead proximately to the Plaintiff and Minor Plaintiff's injuries as alleged herein.

116.    Defendant's advertisements regarding Prozac made material misrepresentations to the effect that Prozac was a safe and effective treatment, misrepresentations Defendant knew to

24

Error! No property name supplied.

be false, for the purpose of fraudulently inducing consumers, such as Dana Fields, to purchase such product. Dana Fields relied on these material misrepresentations in deciding to purchase and consume Prozac to her own detriment and to her son's detriment.

117. The damages sustained by Plaintiff and Minor Plaintiff were a direct and foreseeable result of, and were proximately caused by, Defendant's misrepresentations, concealment and omissions.

118. Defendant's conduct was willful, wanton, and reckless. Based on the intentionally dishonest nature of Defendant's conduct, which was directed at Dana Fields and the public generally, Defendant should also be held liable for punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT XI
## NEGLIGENT MISREPRESENTATION

119. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

120. After Defendant became aware of the risks of ingesting Prozac during pregnancy, Defendant failed to communicate to Dana Fields and other members of the general public that the ingestion of this drug while pregnant could have the increased risk of serious birth defects.

121. Defendant failed to warn the Plaintiff, and other consumers, of the defective condition of Prozac, as manufactured and/or supplied by Defendant.

25

122.    Defendant, individually, and through its agents, representatives, distributors and/or employees, negligently misrepresented material facts about Prozac in that they made such misrepresentations when they knew or reasonably should have known of the falsity of such misrepresentations.  Alternatively, Defendant made such misrepresentations without exercising reasonable care to ascertain the accuracy of these representations.

123.    The above misrepresentations were made to Dana Fields, as well as the general public.   Dana Fields and her healthcare providers justifiably relied on Defendant's misrepresentations.

124.    Dana Fields's ingestion of Prozac was to her detriment and the detriment of her son, D.F.  Defendant's negligent misrepresentations proximately caused the Plaintiff and Minor Plaintiff's injuries and monetary losses.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT XII
## NEGLIGENCE PER SE

125.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

126.    The defendant has an obligation to not violate the law.

127.    The defendant has violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. 301, *et Seq.,* and related amendments, codes and federal regulations promulgated thereunder, and

26

Ala. Code § 8-19-1, *et seq.* as well as any other applicable state and federal laws, as alleged herein.

128.    Dana Fields, as a purchaser and consumer of Prozac, is within the class of persons that the statues described above are designed to protect.

129.    Injury due to false, misleading and/or reckless advertising and promotion, and misbranding, misleading products and as otherwise set forth in this complaint, is the specific type of harm these statutes are designed to prevent.

130.    Defendant is responsible to Plaintiff and Minor Plaintiff for injuries incurred for its violations of the statutes described above under the doctrine of negligence *per se*.

131.    As a direct and proximate result of the negligence and negligence *per se* of Defendant and as a result of the defendant's actions and/or inactions as set forth in this complaint, the Plaintiff and Minor Plaintiff were caused to suffer severe and permanent physical and emotional injuries as alleged herein.

WHEREFORE, Plaintiff demands judgment against Defendant, a sum which the jury would find to be fair, adequate and just, and in addition, Plaintiff seeks punitive and exemplary damages against Defendant in an amount to be determined upon the trial of this matter, together with costs and reasonable attorneys' fees.

**COUNT XIII**
**UNFAIR AND DECEPTIVE TRADE PRACTICES**

132.    Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

133.    By reason of their conduct as alleged herein, Defendant violated the provisions of Ala. Code § 8-19-1 *et seq.*, by, among other things:

Error! No property name supplied.

a.  Engaging in unfair trade practices as defined in the statute by making false and misleading oral and written statements that had the capacity, tendency, or effect of deceiving or misleading physicians, patients and consumers;

b.  Engaging in unfair trade practices as defined in the statute by making representations that their products had an approval, characteristic, ingredient, use or benefit, which they did not have, including but not limited to statements concerning the health consequences of the use of Defendant's product Prozac;

c.  Engaging in unfair trade practices as defined in the statute by failing to state material facts, the omission of which deceived or intended to deceive, including but not limited to, facts relating to the health consequences of the use of Defendant's product Prozac;

d.  Engaging in unfair trade practices as defined in the statute through deception, fraud, misrepresentation, and knowing concealment, suppression and omission of material facts with the intent that physicians, patients and consumers rely upon the same in connection with the use of Defendant's product Prozac.

134.   The violations of Ala. Code § 8-19-1 *et seq.*, by Defendant proximately caused plaintiff's injuries and damages as described herein.

WHEREFORE, Plaintiff demands judgment against Defendant, a sum which the jury would find to be fair, adequate and just, and in addition, Plaintiff seeks punitive and exemplary damages against Defendant in an amount to be determined upon the trial of this matter, together with costs and reasonable attorneys' fees.

28

## COUNT XIV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

135.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

136.    Defendant owed a duty to treating physicians, recipients of Prozac, and families of the recipients, including Plaintiff, to accurately and truthfully represent the risks of the drug. Defendant breached that duty by misrepresenting and/or failing to adequately warn of the risks of the drug – effects of which Defendant knew or by using ordinary care could have known – to the treating physicians and Plaintiff.

137.    Defendant breached that duty when Defendant carelessly and negligently designed, manufactured, marketed, and sold Prozac to Plaintiff, carelessly and negligently concealed the defects in the drug from Plaintiff, and carelessly and negligently misrepresented the quality, safety, and usefulness of the drug.  Defendant's conduct involved an unreasonable risk of causing emotional distress to reasonable persons that might, in turn, result in illness or bodily harm.

138.    As a direct and proximate result of Defendant's wrongful conduct and breach of duty, Plaintiff, individually and on behalf of their Minor Plaintiff, has sustained and will continue to sustain medically diagnosable, severe emotional distress either due to physical injury or a rational fear of physical injury or death and are entitled to recovery of damages in an amount to be proven at trial.  Defendant is liable to Plaintiff for all general, special and equitable relief to which Plaintiff are entitled by law.

Error! No property name supplied.

WHEREFORE, Plaintiff demands judgment against Defendant, a sum which the jury would find to be fair, adequate and just, and in addition, Plaintiff seeks punitive and exemplary damages against Defendant in an amount to be determined upon the trial of this matter, together with costs and reasonable attorneys' fees.

## COUNT XV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

139.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

140.    Defendant's conduct directed towards Plaintiff, was, by act and omission, intentional, knowing, and/or reckless, and evidenced a willful intention to inflict injury upon Plaintiff, or a reckless disregard for the rights and interests of Plaintiff equivalent to an intentional violation of them.

141.    The conduct was so extreme and outrageous that it exceeded all bounds usually tolerated by decent and civilized society and was directed toward an inherently vulnerable population of persons.

142.    As a direct, proximate, intended, known, natural, and foreseeable result of Defendant's conduct, Plaintiff were and are suffering injury in the form of serious, severe, extreme and/or disabling emotional distress that no reasonable person could or should be expected to endure.

143.    Defendant is liable and accountable at law to compensate Plaintiff for such emotional distress, and for all such damages and injuries resulting therefrom and related thereto.

Error! No property name supplied.

144.    Defendant's conduct was intentional, knowing, oppressive, fraudulent, malicious, extreme and outrageous, and done in conscious and reckless disregard of Plaintiff's rights, thereby entitling Plaintiff to seek to assert claims for exemplary and punitive damages, in an amount sufficient, necessary and appropriate to punish Defendant for its reprehensible conduct and to deter it and others from such conduct in the future.  Defendant is liable to Plaintiff for all general, special and equitable relief to which Plaintiff are entitled by law.

WHEREFORE, Plaintiff demands judgment against Defendant, a sum which the jury would find to be fair, adequate and just, and in addition, Plaintiff seeks punitive and exemplary damages against Defendant in an amount to be determined upon the trial of this matter, together with costs and reasonable attorneys' fees.

## COUNT XVI
## UNJUST ENRICHMENT

145.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

146.    As an intended and expected result of its conscious wrongdoing, the defendant has profited and benefited from the purchases of Prozac by Dana Fields.

147.    The defendant has voluntarily accepted and retained these profits and benefits, derived from the Dana Fields and others, with full knowledge and awareness that, as a result of Defendant's fraud and other conscious and intentional wrongdoing, Dana Fields did not receive a product of the quality, nature or fitness that had been represented by Defendant or that she, as a reasonable consumer, expected.

148.   By virtue of the conscious wrongdoing alleged in this Petition, Defendant has been unjustly enriched at the expense of Dana Fields, who is entitled to in equity, and hereby seeks the disgorgement and restitution of Defendant's wrongful profits, revenue and benefits, to the extent, and in the amount, deemed appropriate by the Court; and such other relief as this Court deems just and proper to remedy the Defendant's unjust enrichment.

WHEREFORE, Plaintiff demands judgment against Defendant, together with punitive damages and exemplary damages in an amount to be determined upon the trial of this Action.

### NO ELECTION OR WAIVER

The facts, circumstances and claims set forth above are pled cumulatively and alternatively, with no election or waiver of remedies until such time as the trier of fact has decided disputed issues of fact.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, both individually and as the proper party to bring actions on behalf of Minor Plaintiff, prays for judgment against the Defendant as follows:

a.   Awarding actual damages to Dana Fields incidental to her purchase and use of Prozac in an amount to be determined at trial;

b.   Awarding punitive damages to the Plaintiff;

c.   Awarding pre-judgment and post-judgment interest to the Plaintiff;

d.   Awarding the costs and the expenses of this litigation to the Plaintiff;

e.   Awarding reasonable attorneys' fees and costs to the Plaintiff as provided by law; and

f.   Granting all such other relief as Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all Counts and as to all issues.

Respectfully submitted on this 16th day of January, 2013.

Richard A. Freese      AL# ASB-6879-e67r
FREESE & GOSS, PLLC
Regions Harbert Plaza
1901 6th Avenue North
Suite 3120
Birmingham, AL 35203
205-871-4144
205-871-4104 Fax


Thomas P. Cartmell        MO #45366
Christopher L. Schnieders    MO #57725
WAGSTAFF & CARTMELL, LLP
4740 Grand Avenue, Suite 300
Kansas City, Missouri  64112
816-701-1100
816-531-2372 fax


Joseph J. Zonies        CO #29539
Gregory D. Bentley      CO #42655
REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, CO 80202
(303) 893-6100

**ATTORNEYS FOR PLAINTIFF**

Error! No property name supplied.